535 A.2d 485

**Donald Leroy BROWN**

v.

**STATE of Maryland.**

No. 15, Sept. Term, 1987.

Court of Appeals of Maryland.

Jan. 13, 1988.

Melissa M. Moore, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and COLE, RODOWSKY, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

Maryland Code (1957, 1982 Repl.Vol., 1987 Cum.Supp.), Article 27, § 36B(d) provides in pertinent part:

> "Any person who shall use a handgun ... in the commission of any felony or any crime of violence ... shall be guilty of a separate misdemeanor...."

The common question in the two cases we now consider is whether multiple convictions of armed robbery, arising from a single criminal transaction involving multiple victims, support multiple convictions of § 36B(d). An additional question presented by one of the cases relates to the

qualification of foreign convictions for purposes of enhanced punishment.

## I

Two criminal cases against Petitioner Donald Leroy Brown ("Brown") from the Circuit Court for Montgomery County have been consolidated for review. Except for the number of victims, the two cases, No. 38247 and No. 38248, involved similar criminal episodes. Around midnight, Brown and a confederate, both armed, broke through the kitchen doors of occupied dwelling houses, assembled the occupants at gunpoint, ransacked the houses and carried away personal property belonging to the occupants. In case No. 38247, in which there were two victims, Brown was convicted of two counts of robbery with a deadly weapon, two counts of use of a handgun in the commission of a crime of violence, and burglary. In case No. 38248, in which there were four victims, Brown was convicted of four counts of robbery with a deadly weapon, four counts of use of a handgun in the commission of a crime of violence, and burglary. For the handgun use convictions, Brown received, in addition to the sentences imposed for the other convictions, two consecutive twenty year sentences in No. 38247 and four concurrent twenty year sentences in No. 38248.[1]

In No. 38247, the State proceeded against Brown as a subsequent offender pursuant to Maryland Code (1957, 1982 Repl.Vol., 1987 Cum.Supp.), Article 27, § 643B. The trial court refused to impose enhanced punishment for reasons to be discussed *infra.*

---

**1.** In No. 38247, the trial court imposed five twenty year consecutive sentences. In No. 38248, Brown was sentenced as follows: twenty years for each armed robbery conviction, to run consecutively; twenty years for each handgun conviction, one conviction to run consecutively and three to run concurrently; and, twenty years for the burglary conviction, to run consecutively. The entire sentence in No. 38248 was ordered to run concurrently with any existing sentence, except the twenty year sentence for burglary which was ordered to run consecutively to any existing sentence.

Brown appealed the judgments in No. 38247 and No. 38248 to the Court of Special Appeals and that court consolidated the cases for review.[2]  Among other allegations of error, Brown challenged, in both cases, his conviction of and sentences for multiple counts of use of a handgun in the commission of a crime of violence arguing that a single criminal transaction supports only one handgun conviction and sentence.  The State cross-appealed on the trial court's refusal to impose enhanced punishment in No. 38247.  In an unreported, *per curiam* opinion, the Court of Special Appeals affirmed the judgments in No. 38247 and No. 38248 and, agreeing with the State on the cross-appeal, remanded No. 38247 for resentencing.  We granted Brown's petition for writ of *certiorari* which presented the following two questions:

1.  Was the evidence sufficient to sustain multiple convictions and sentences for use of a handgun in the commission of a crime of violence where there was only one criminal episode?

2.  Did the trial court err in refusing to impose enhanced punishment under Article 27, § 643B of the Maryland Code? [3]

## II

While Brown has cast his first question in terms of the sufficiency of the evidence, the thrust of his argument is that the multiple handgun use convictions and sentences in No. 38247 and No. 38248 constitute multiple punishment for the same offense prohibited by the Double Jeopardy Clause of the Fifth Amendment to the United

---

**2.**  A third case against Brown (No. 38246 from the Circuit Court for Montgomery County) was consolidated with No. 38247 and No. 38248 but the judgment entered by the Court of Special Appeals in that case is not challenged here.

**3.**  We have reversed the sequence of Petitioner's questions in order to address the common question first.

States Constitution.[4] We disagree and affirm the convictions.

██ The Double Jeopardy Clause protects a criminal defendant against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishment for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969); *Donaldson v. State*, 305 Md. 522, 530, 505 A.2d 527, 532 (1986); *Johnson v. State*, 303 Md. 487, 520, 495 A.2d 1, 18 (1985). Multiple punishment challenges generally arise in one of two broad contexts:

> "(a) A statute or a portion thereof proscribes designated conduct, and the question is whether the defendant's conduct constitutes more than one violation of this proscription. Thus, murdering two people simultaneously might well warrant two punishments but stealing two one-dollar bills might not. (b) Two statutes or two portions of a single statute proscribe certain conduct, and the question is whether the defendant can be punished twice because his conduct violates both proscriptions. Thus, selling liquor on a Sunday might warrant two punishments for violating a prohibition law and a blue law, but feloniously entering a bank and robbing a bank, though violative of two statutes, might warrant but a single punishment."

*Gore v. United States*, 357 U.S. 386, 393–94, 78 S.Ct. 1280, 1285, 2 L.Ed.2d 1405, 1411 (1958). *See generally*, Weston & Drubel, *Toward a General Theory of Double Jeopardy*, 1978 Sup.Ct.Rev. 81, 111–22. The present challenge arises within the first.

---

**4.** Brown did not make a multiple punishment objection at the *nisi prius* level in either case. This Court has the authority to review an allegedly illegal sentence regardless of whether an objection is made at trial, *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949, 951 (1985), and it is upon this basis that we consider the question presented.

■ Whether a particular course of conduct constitutes one or more violations of a single statutory offense affects an accused in three distinct, albeit related, ways: multiplicity in the indictment or information, multiple convictions for the same offense, and multiple sentences for the same offense.[5] All three turn on the unit of prosecution of the offense and this is ordinarily determined by reference to legislative intent. *See Ladner v. United States,* 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *United States v. Universal C.I.T.,* 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952); *Ebeling v. Morgan,* 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915).[6]

---

**5.** Multiplicity is the charging of the same offense in more than one count. C. Wright, *Federal Practice and Procedure: Criminal 2d* § 142 (1982, 1987 Supp.). It is considered a pleading defect and thus is not fatal to an indictment or information. *Id.* The vice of multiplicity is that it may lead to multiple convictions and sentences for the same offense and that "prolix pleading may have some psychological effect upon a jury by suggesting to it that [the] defendant has committed not one but several crimes." *Id.* (citation omitted). Some courts have held that an objection to a multiplicitous indictment or information is waived if not raised before trial. *See, e.g., United States v. Mosley,* 786 F.2d 1330, 1333 (7th Cir.1986); *United States v. Price,* 763 F.2d 640, 643 (4th Cir.1985) (dictum). *But see United States v. Universal C.I.T.,* 344 U.S. 218, 225, 73 S.Ct. 227, 231, 94 L.Ed. 260, 266 (1952) (whether acts constitute single offense may not be capable of ascertainment before trial on facts).

   In *Ball v. United States,* 470 U.S. 856, 864–65, 105 S.Ct. 1668, 1674, 84 L.Ed.2d 740, 748 (1985), the Supreme Court held that both multiple convictions and multiple sentences come within the double jeopardy prohibition against multiple punishment for the same offense. Prior to *Ball,* a large number of courts had held that multiple convictions for the same offense could be affirmed if the underlying sentences were not cumulative. *See, e.g., United States v. Kaplan,* 588 F.2d 71 (4th Cir.1978); *United States v. Kalama,* 549 F.2d 594 (9th Cir.1977), *cert. denied* 429 U.S. 1110, 97 S.Ct. 1147, 51 L.Ed.2d 564 (1977). *Compare State v. Jenkins,* 307 Md. 501, 519 n. 7, 515 A.2d 465, 474 (1986); *Newton v. State,* 280 Md. 260, 265, 373 A.2d 262, 265 (1977) *with Johnson v. State,* 56 Md.App. 205, 217–18, 467 A.2d 544, 550 (1984).

**6.** The unit of prosecution analysis is applicable to those multiple punishment cases which involve the construction of a single statutory provision. In determining whether two different offenses are the same for double jeopardy purposes, both in the context of merger of

In each of the cases at bar, Brown was convicted of violations of § 36B(d).[7] In case No. 38247, in which Brown was convicted of two counts under § 36B(d), the crimes of violence were two armed robberies arising from a single criminal transaction involving two victims. Similarly, in case No. 38248, in which Brown was convicted of four counts under § 36B(d), the crimes of violence were four armed robberies arising from a single criminal transaction involving four victims.

---

offenses in a single trial and successive trials for the same offense, we have generally employed the *Blockburger* required evidence test. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). *See Dillsworth v. State,* 308 Md. 354, 356–61, 519 A.2d 1269, 1270–73 (1987); *State v. Jenkins,* 307 Md. 501, 517–18, 515 A.2d 465, 473–74 (1986); *Hawkins v. State,* 291 Md. 688, 691–92, 436 A.2d 900, 901–2 (1981); *Whack v. State,* 288 Md. 137, 141–42, 416 A.2d 265, 266–68 (1980), *appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981) and cases cited therein.

7. Section 36B(d) provides in full:

*Unlawful use of handgun or antique firearm in commission of crime; penalties.*—Any person who shall use a handgun or an antique firearm capable of being concealed on the person in the commission of any felony or any crime of violence as defined in § 441 of this article, shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor:

(1) For a first offense, be sentenced to the Maryland Division of Correction for a term of not less than 5 nor more than 20 years, and it is mandatory upon the court to impose no less than the minimum sentence of 5 years.

(2) For a second or subsequent offense, be sentenced to the Maryland Division of Correction for a term of not less than 5 nor more than 20 years, and it is mandatory upon the court to impose no less than a minimum consecutive sentence of 5 years which shall be served consecutively and not concurrently to any other sentence imposed by virtue of the commission of said felony or misdemeanor.

Article 27, § 441(e) states:

"The term '*crime of violence*' means abduction; arson; burglary, including common-law and all statutory and storehouse forms of burglary offenses; escape; housebreaking; kidnapping; manslaughter, excepting involuntary manslaughter; mayhem; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; and sodomy; or an attempt to commit any of the aforesaid offenses; or assault with intent to commit any other offense punishable by imprisonment for more than one year."

Brown contends that the unit of prosecution of § 36B(d) is the criminal transaction. He rests his argument on the assumption that "whether a felon robs a single individual, or hypothetically fifty people at a social gathering, there still remains only one 'use' of the handgun." (Petitioner's brief at 28). Under Brown's theory, then, an individual who uses a handgun in a criminal transaction which results in one or more felony or violent misdemeanor convictions has committed only one handgun use offense regardless of the number of felony or violent misdemeanor convictions. The State, on the other hand, maintains that the unit of prosecution is the crime of violence and relies on the following passage from *Battle v. State,* 65 Md.App. 38, 50, 499 A.2d 200, 206 (1985), *cert. denied,* 305 Md. 243, 503 A.2d 252 (1986) (quoting *Manigault v. State,* 61 Md.App. 271, 279, 486 A.2d 240, 244 (1985)):

> "A single criminal episode may, of course, give rise to a number of separate charges, some of which may be multiplied but some of which may not. The key is to identify the unit of prosecution. Both an aggravated assault (Count 1) and a simple assault (Count 2) may be multiplied when there are multiple victims. The unit of prosecution is the victim. With respect to the use of a handgun to perpetrate a crime of violence (Count 4), the unit of prosecution is the crime of violence. Assuming that the other elements have been proved, two victims imply two crimes of violence. That, in turn, implies two separate crimes of using a handgun to commit a crime of violence."

Thus, under the State's theory, the number of handgun use offenses will equal the number of felony or violent misdemeanor convictions.

■ We agree with the construction advanced by the State. The unit of prosecution of a statutory offense is generally a question of what the legislature intended to be the act or course of conduct prohibited by the statute for purposes of a single conviction and sentence. *See Ladner v. United States, supra,* 358 U.S. at 173–78, 79 S.Ct. at

211–14, 3 L.Ed.2d at 203–5; *Bell v. United States, supra,* 349 U.S. at 81–83, 75 S.Ct. at 622, 99 L.Ed. at 909–10; *United States v. Universal C.I.T., supra,* 344 U.S. at 221–25, 73 S.Ct. at 229–31, 97 L.Ed. at 264–66; *Ebeling v. Morgan, supra,* 237 U.S. at 628–30, 35 S.Ct. at 711–12, 59 L.Ed. at 1152–53. *See also* Thomas, *A Unified Theory of Multiple Punishment,* 47 Pitt.L.Rev. 1, 11 (1985). We think the language of § 36B(d) plainly indicates that the prohibited act is the use of a handgun in the commission of a felony or violent misdemeanor.

First, words in a statute are generally given their common and ordinary meaning. *See Kaczorowski v. City of Baltimore,* 309 Md. 505, 513–16, 525 A.2d 628, 632–33 (1987); *Comptroller v. Fairchild Industries,* 303 Md. 280, 284, 493 A.2d 341, 343 (1985); C. Sands, 2A *Sutherland Statutory Construction* § 47.28 (4th ed. 1984, 1987 Cum. Supp.). Section 36B(d) states, with emphasis added, that "[a]ny person who shall use a handgun in the commission of *any* felony or *any* crime of violence" is guilty of a handgun use offense. According to *Webster's New International Dictionary* (unabr. ed. 1959), "any" is defined as

"[i]ndicating a person, thing, etc., as one selected without restriction or limitation of choice, with the implication that everyone is open to selection without exception; one, no matter what one; all, taken distributively; every."

To like effect, *see Black's Law Dictionary* (5th ed. 1979). Second, the legislature is presumed to use words consistently throughout a statute. *Supervisor of Assessments of Baltimore City v. Chase Associates,* 306 Md. 568, 575, 510 A.2d 568, 571 (1986). "Any" appears not only before the words "felony" and "crime of violence" but also before the word "person." We find that the legislature's use of the term "any" before "person" imparts a clear and unambiguous meaning to its use of "any" before "felony" and "crime of violence" and the meaning imparted is one which is consistent with the ordinary meaning of "any." It means "every." At least in the context of multiple victims, nothing in the language of § 36B(d) suggests, as argued by

Brown, that there can be only one handgun use offense per criminal transaction.

We are convinced that multiple handgun use convictions and sentences are appropriate where there are multiple victims. Brown's use of a handgun put each victim in the cases at bar in fear of death or serious bodily harm. Punishment for criminal conduct should be commensurate with responsibility and a defendant who terrorizes multiple persons with a handgun is more culpable than a defendant who terrorizes only one.

We have carefully reviewed the legislative history of § 36B(d) and find no support for the position advanced by Brown. We must enforce § 36B(d) as written.[8] Accordingly, the handgun use convictions in No. 38247 and No. 38248 are affirmed.

### III

In No. 38247, the State proceeded against Brown as a subsequent offender pursuant to Maryland Code (1957, 1982 Repl.Vol., 1987 Cum.Supp.), Article 27, § 643B,[9] and, as one

---

**8.** Brown has urged us to invoke the Rule of Lenity which would have us resolve any doubt concerning legislative intent against turning a single transaction involving multiple victims into multiple offenses. But, in the context of multiple victims, we are not confronted with a statutory ambiguity and as we pointed out in *Dillsworth v. State,* 308 Md. 354, 365, 519 A.2d 1269, 1274 (1987) (quoting *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)), "[l]enity ... serves only as an aid for resolving an ambiguity; it is not used to beget one."

**9.** § 643B. Mandatory sentences for crimes of violence.

(a) *"Crime of violence"*.—As used in this section, the term "crime of violence" means abduction; arson; burglary; daytime housebreaking under § 30(b) of this article; kidnapping; manslaughter, except involuntary manslaughter; mayhem and maiming under §§ 384, 385, and 386 of this article; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; sexual offense in the second degree; use of a handgun in the commission of a felony or other crime of violence; an attempt to commit any of the aforesaid offenses; assault with intent to murder; assault with intent to rape; assault with intent to rob; assault with intent to commit a sexual

of the predicate convictions of a § 643B(a) "crime of violence", relied upon a 1971 District of Columbia conviction for second degree burglary. It was the State's view, disputed by Brown, that the District of Columbia conviction was equivalent to a conviction under Maryland's daytime housebreaking statute.

As proof of the conviction, the State introduced and the trial court admitted certified copies of the following documents from the public record of *United States v. Brown*, No. 131–71, from the United States District Court for the District of Columbia: the docket, the indictment, and the judgment and commitment order. The judgment and commitment order provides, in pertinent part:

"IT IS ADJUDGED that the defendant upon his plea of guilty and the Court being satisfied there is a factual basis for the plea has been convicted of the offense of

---

offense in the first degree; and assault with intent to commit a sexual offense in the second degree.

The term "correctional institution" includes Patuxent Institution and a local or regional jail or detention center.

(b) *Mandatory life sentence.*—Any person who has served three separate terms of confinement in a correctional institution as a result of three separate convictions of any crime of violence shall be sentenced, on being convicted a fourth time of a crime of violence, to life imprisonment without the possibility of parole. Regardless of any other law to the contrary, the provisions of this section are mandatory.

(c) *Third conviction of crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.

(d) *Compliance with Maryland Rules.*—If the State intends to proceed against a person as a subsequent offender under this section, it shall comply with the procedures set forth in the Maryland Rules for the indictment and trial of a subsequent offender.

SECOND DEGREE BURGLARY (TITLE 22 DISTRICT OF COLUMBIA CODE, SECTION 1801(B)[ ] ] as charged in Count 3 ... IT IS ADJUDGED that the defendant is guilty as charged and convicted."

Count 3 of the indictment states:

"On or about October 14, 1970, within the District of Columbia, Donald L. Brown entered the dwelling of Godfrey Vaughan, with intent to steal property of another." [10]

Because second degree burglary under D.C.Code Ann. § 22–1801(b) may be committed by either the breaking and entering, or entering without breaking, of a number of different properties,[11] and Maryland's daytime housebreaking statute proscribes only the breaking of a dwelling

---

**10.** The docket entry relating to the judgment states, in relevant part:
"PNG w/d; PG to count 2 (Burg. II)"
The sentencing entry states, in relevant part:
"Oral mo. of Govt to dism. Cts. 1, 2, 4, & 5, GRANTED."
Count 2 provides:
"On or about October 14, 1970, within the District of Columbia, Donald L. Brown feloniously did use and operate and drive said automobile for his own profit, use and purpose, without the consent of James W. Hines, the owner of said automobile."
The inconsistency between the docket (indicating a plea to count 2) and the judgment and commitment order (indicating a plea to count 3) and the internal inconsistency in the docket (indicating a plea to count 2 and a dismissal of count 2) were the basis of another objection to the District of Columbia conviction at the sentencing proceeding. As this was not assigned as error on appeal, we need not rule on it. We assume for purposes of our discussion that Brown pled guilty to count 3.

**11.** D.C. Code Ann. § 22–1801 (b) provides:
"Except as provided in subsection (a) of this section, whoever shall, either in the night or in the daytime, break and enter, or enter without breaking, any dwelling, bank, store, warehouse, shop, stable, or other building or any apartment or room, whether at the time occupied or not, or any steamboat, canalboat, vessel, or other watercraft, or railroad car or any yard where any lumber, coal, or other goods or chattels are deposited and kept for the purpose of trade, with intent to break and carry away any part thereof or any fixture or other thing attached to or connected with the same, or to commit any criminal offense, shall be guilty of burglary in the second degree. Burglary in the second degree shall be punished by imprisonment for not less than two years nor more than fifteen years."

house,[12] the State also called one of the District of Columbia police officers who investigated the offense as a witness. Over the objection of defense counsel, the officer testified, *inter alia*, that the subject property was a dwelling house and that entry had been gained by force.

The trial judge refused to consider the testimony of the police officer in determining whether the District of Columbia conviction was a predicate conviction reasoning "[i]t is the crime for which [the defendant] is convicted that [§ 643B] speaks to, and not what he did." Concluding that the State had otherwise failed to establish that the District of Columbia conviction was one encompassing the breaking of a dwelling house, the trial judge consequently disqualified the District of Columbia conviction as a § 643B(a) predicate conviction. In so doing, he rendered Brown ineligible for treatment as a three time offender under § 643B(c).

In the Court of Special Appeals, the State cross-appealed on the trial judge's refusal to impose enhanced punishment. The Court of Special Appeals agreed with the State and remanded No. 38247 for resentencing. The intermediate appellate court concluded:

"It thus appears that the D.C. statute is more expansive than § 30(b) and encompasses conduct which, under Maryland law, would constitute a crime of violence, pursuant to § 643B(a), as well as conduct which would not constitute such an offense. The D.C. statute does not require that the premises or building be a dwelling or that entry into the premises be by way of a breaking.

---

**12.** Maryland Code (1957, 1982 Repl.Vol., 1987 Cum.Supp.), Article 27, § 30(b), provides:

"Any person, his aiders, abettors and counsellors, who shall be convicted of the crime of breaking a dwelling house in the daytime with intent to commit murder or felony therein, or with intent to steal, take or carry away the personal goods of another of any value therefrom, shall be guilty of a felony, and upon conviction thereof, shall be sentenced to the penitentiary for not more than ten years."

* * *

"Turning to the case *sub judice*, it is clear that the testimony of the District of Columbia police officer provided the factual basis for concluding that the D.C. conviction was the equivalent of a conviction under Art. 27, § 30(b) in Maryland. Thus, the State established the commission of a predicate crime of violence for purposes of § 643B(c). Appellant's arguments that testimony of the D.C. police officer regarding the underlying facts of the offense for which appellant was convicted in D.C. is insufficient to establish a predicate crime under § 643B because 'it is the conviction itself, not the officer's testimony that establishes the crime for which appellant was convicted' and because of the inappropriateness of permitting foreign convictions to be 'upgraded', are without merit. Because the D.C. statute, under which a variety of acts may constitute the crime of burglary in the second degree, is more expansive than the Maryland statute, permitting testimony to clarify the facts on which the particular conviction is based does not, in any way, affect the conviction itself."

■ We disagree with the Court of Special Appeals. Section 643B refers to a defendant's prior "convictions" and not to the "act" the defendant may have committed. *See Temoney v. State*, 290 Md. 251, 262–64, 429 A.2d 1018, 1024 (1981). A conviction within the meaning of § 643B is a final judgment that the defendant is guilty of the crime charged beyond a reasonable doubt.

■ In the case at bar, the judgment and commitment order of the United States District Court for the District of Columbia incorporated count 3 of the indictment by reference.[13] Count 3 of the indictment states that Brown "en-

---

**13.** The indictment will not be conclusive in all cases. For example, in *Walsh v. State*, 677 P.2d 912, 915 (Alaska Ct.App.1984), the Court of Appeals of Alaska observed:

"[I]t is immaterial that the indictment in the New York prosecution specified a $500 value for the property which Walsh allegedly

tered the dwelling of Godfrey Vaughan, with intent to steal property of another." While Brown may have in fact, as the police officer testified, committed a breaking, the act of breaking was not charged in the indictment and therefore was not before the trier of fact. The entering of a dwelling house with the intent to steal property of another, of which Brown stands convicted, is not a crime of violence under § 643B(a). Accordingly, that portion of the judgment of the Court of Special Appeals remanding No. 38247 for resentencing is vacated.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT IN CASE NO. 38248 AFFIRMED; CASE NO. 38247 REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY; COSTS TO BE DIVIDED EVENLY BETWEEN THE PARTIES.

---

stolen, even though that indictment could have resulted in a felony conviction under the current Alaska statute. The state of New York was only obligated to prove that the value of the property stolen exceeded $50 in order to convict Walsh under then existing New York law. Walsh's plea of guilty signified nothing more than his expectation, that the state could meet that burden. '[I]t impresses us as unfair now to construe his plea as an admission that he was guilty of a 'crime' more broad than that defined in the statute under which he was convicted.' *People v. Olah*, [300 N.Y. 96, 100], 89 N.E.2d [329,] 331 [, 19 A.L.R.2d 219] (1949)."