552 A.2d 1303

**Randolph Lewis BOWMAN**

v.

**STATE of Maryland.**

**No. 61, Sept. Term, 1988.**

Court of Appeals of Maryland.

Feb. 10, 1989.

Motion for Reconsideration Denied March 23, 1989.

---

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, and BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired) Specially Assigned.

CHARLES E. ORTH, Jr., Judge (retired), Specially Assigned.

The issue on this appeal is the legality of a sentence of twenty-five years without eligibility for parole imposed on Randolph Lewis Bowman upon his conviction by a jury in the Circuit Court for Prince George's County of robbery with a deadly weapon.[1] We hold that the sentence was illegal.

The maximum term of imprisonment authorized upon conviction of robbery with a deadly weapon is twenty years. Maryland Code (1957, 1987 Repl.Vol.) Art. 27, § 488. However, as a tactic in the continuing battle against crime, the legislature of Maryland has called for enhanced punishment and curtailment of parole with respect to individuals who persist in engaging in certain criminal activities. Art. 27, § 643B(c) provides:

> Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accord-

---

1. Bowman was also convicted of three other related offenses on which consecutive terms of imprisonment totalling thirty years were imposed. He does not challenge these judgments. The Court of Special Appeals affirmed all the judgments of the Circuit Court for Prince George's County in an unreported per curiam opinion, *Bowman v. State,* No. 905, September Term, 1987, filed 21 April 1988. We granted Bowman's petition for certiorari.

ance with the provisions of Article 31B, § 11.[2] A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.

A "crime of violence" in this context includes robbery and robbery with a deadly weapon. *Id.*, subsection (a). It does not include assault with a deadly weapon.

Bowman claims that the trial court erred in sentencing him on the robbery with a deadly weapon conviction under the mandatory provisions of Art. 27, § 643B(c). He argues that the State did not meet its burden of proving that he had been convicted twice before of a crime of violence. The State informed Bowman pursuant to Art. 27, § 643B(d) and Maryland Rule 4–245 that it intended to seek enhanced punishment of him as a subsequent offender. At the penalty stage of the trial, the State offered into evidence what it referred to as "the certified copy of Mr. Bowman's record from Washington, D.C.—his adult record." The document was admitted in evidence over objection, but its receipt is not questioned on appeal. The prosecutor told the court:

> The record we have offered is Mr. Bowman's record. It indicates that he has two prior convictions for robbery with a deadly weapon.... They are both in Washington, D.C. ...

It is apparent from the transcript of the proceedings at the penalty stage of the trial that the judge imposed the mandatory sentence in the belief that Bowman had two prior convictions for robbery with a deadly weapon in the District of Columbia. *See* Md. Rule 4–245(e). At first the Court of Special Appeals followed the same primrose path on which the prosecutor had led the trial judge. In affirming the armed robbery judgment in an opinion filed 19 February 1988, *State v. Bowman*, No. 905, September Term, 1988, per curiam, unreported, the intermediate appellate court said: "[T]he certified docket entries reveal two other convic-

---

2. Maryland Code (1957, 1986 Repl.Vol.) Art. 31B, § 11 concerns release from confinement in Patuxent Institution.

tions for armed robbery apart from [a] conviction of simple robbery...." Slip opinion at 6. The Court of Special Appeals deemed the document received in evidence which contained the historical facts of Bowman's criminal career to be a copy of docket entries. The document was a computer printout, headed "DC Superior Court Criminal Inquiry," and was certified as a "True Copy" by the Clerk of the Superior Court of the District of Columbia over the signature of the Deputy Clerk. Contrary to the assertion of the prosecutor, the belief of the trial judge, and the understanding of the Court of Special Appeals, the document reflected only one conviction and incarceration for robbery with a deadly weapon. This offense was committed in 1974. The document showed a conviction and incarceration for simple robbery committed in 1980 and a conviction and sentence for assault with a deadly weapon committed on the same date. Bowman filed a Motion for Reconsideration in which he pointed this out. The Court of Special Appeals recalled the opinion of 19 February 1988 and issued a new opinion on 21 April 1988. The judgments were again affirmed.

As we have seen, robbery with a deadly weapon and robbery are included in the definition of a crime of violence under the Maryland statute.

> Robbery retains its common law definition in Maryland, though the penalty for this crime is fixed by statute. *See* Md.Code (1957, 1987 Repl.Vol.) Art. 27, § 486. We have defined the offense as the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence or putting in fear, ...; or, more succinctly, as larceny from the person, accompanied by violence or putting in fear,....

*West v. State,* 312 Md. 197, 202, 539 A.2d 231 (1988) (citations omitted). In the light of pertinent cases reaching back to at least 1690, we adhered to the view that "the mere snatching or sudden taking away of the property from the person of another does not constitute sufficient force, violence, or putting in fear to support a robbery conviction."

*Id.* at 206, 539 A.2d 231. In this State, both robbery and robbery with a deadly weapon constitute the same common law felony of robbery. The statutes concerning these crimes, Art. 27, §§ 486 and 488, do not create separate statutory offenses but merely fix the penalties for one crime of robbery, aggravated if committed with a deadly weapon. *Whack v. State,* 288 Md. 137, 140, 416 A.2d 265 (1980), *appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981). The use of a deadly weapon, however, may supply the necessary element of force or violence or putting in fear sufficient to raise the taking of property from the person from larceny to robbery. But *see Wright v. State,* 72 Md.App. 215, 528 A.2d 498 (1987).

Bowman now concedes that the District of Columbia conviction in 1974 serves as a predicate crime for the imposition of a mandatory sentence under Art. 27, § 643B. But he contends that the conviction of robbery in 1980 does not supply the necessary second predicate conviction. He looks to *Temoney v. State,* 290 Md. 251, 429 A.2d 1018 (1981).

In *Temoney* the mandatory sentence prescribed by § 643B was imposed in reliance on prior convictions in the District of Columbia for robbery and attempted robbery. Under the District of Columbia law, robbery goes beyond the common law concept followed in Maryland. The District of Columbia Code (1981) § 22–2901 sets forth the statutory definition of robbery as follows (emphasis supplied):

> Whoever by force or violence, whether against resistance or by sudden or *stealthy seizure or snatching,* or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery....

We noted in *Temoney* at 263, 429 A.2d 1018 that "[t]he terms of this section have been interpreted to include acts, such as pickpocketing for example, which involve stealth but not violence or putting in fear" (citations omitted). We observed, as recently confirmed in *West,* that "[i]n Mary-

land, on the other hand, mere pickpocketing would be larceny (*not* a '[c]rime of violence') as enumerated by Code, Art. 27, § 643B), rather than robbery." *Temoney,* 290 Md. at 263, 429 A.2d 1018 (citations omitted). Bowman points to the reasoning in *Temoney:*

> While the defendant's District of Columbia convictions may in fact have been violent crimes, this is not necessarily so, nor is it discernible from the docket entries received into evidence.

*Id.* We concluded that the State had "thus failed to introduce evidence that the District of Columbia convictions were '[c]rimes of violence' within the meaning of Art. 27, § 643B." *Id.*

As we have noted, the trial judge in the case before us proceeded to sentence on the judge's understanding that Bowman had twice been convicted of armed robbery in the District of Columbia. In fact, however, the evidence adduced by the State showed only one conviction for armed robbery. The other conviction was for robbery, which due to the difference between Maryland and the District of Columbia as to the nature of that offense, was not necessarily a qualifying conviction under the mandatory statute. The Court of Special Appeals, upon realizing this, and faced with the hurdle raised thereby, attempted to leap the obstacle in its opinion of 21 April 1988 by rationalizing that the robbery was, in fact, perpetrated with a deadly weapon.[3] The court observed that there was "no question" that the conviction in 1974 of armed robbery served "as the indisputable first predicate of the two predicates required for

---

3. The court paved the way for this rationale in its recalled opinion with the comment that:
   [i]f [the two convictions for armed robbery] were not enough, the docket entries also reveal that a companion conviction to the simple robbery was a conviction for assault with a deadly weapon, specifically a gun. The facts of those companion convictions quite evidently elevate the circumstances of that robbery beyond the level of the non-violence picking of a pocket. As a necessary predicate offense, moreover, it is, as we have pointed out, surplusage.
   Slip opinion of 19 February 1988 at 6.

enhanced sentencing." Slip opinion at 6. With regard to the second predicate crime, the court resorted to a gaggle of inferences. It said:

The second predicate offense on which the State relies is an offense for which the appellant was arrested on May 21, 1980, the offense having been committed on May 20, 1980. On September 28, 1981, the appellant was found guilty, upon his plea of guilty, before Judge Haywood, in the District of Columbia Superior Court, of 1) robbery and 2) assault with a dangerous weapon (to wit, a gun). He received a sentence of from two to six years for the robbery and a companion sentence of from two to eight years for the weapons charge.

He claims that under *Temoney v. State, supra,* the robbery may conceivably, under District of Columbia law, have been a simple pickpocketing which is not a crime of violence. Accepting the burden upon the State to disprove that rare and exotic theoretical possibility (although it strikes us as a very inefficient allocation of the burden of proof), we hold that the State sustained that burden in this case. The robbery and the deadly weapon charges clearly grew out of the same offense. The docket numbers are, respectively, F02491 U80 and F02491 V80. They both refer to an offense date of May 20, 1980. They both were tried on the same day before the same judge with the same defense attorney. Both involved a single bail in the same amount. Both involved the same police department identification number 0233206. Both involved the same CCR number 241818. Both involved the same police officer, Badge No. M2498. The inference was reasonable and, therefore, permissible that this particular robbery was perpetrated with a deadly weapon.

*Bowman v. State,* No. 905, September Term, 1987, Court of Special Appeals, per curiam, unreported, filed 21 April 1988, slip opinion at 7. The court explained:

The certified docket entries show convictions for both the robbery and the weapons charge. Both were before the trier of fact on the guilty plea. The only inference that

the Maryland court had to draw was that the two companion charges grew out of the same offense. We hold that under all of the facts of this case, that inference was permissible.

*Id.* at 8. We do not agree. The trial judge had drawn no such inferences. We reiterate that he was under the impression that the two prior convictions relied on by the State were for armed robbery. His determination that Bowman was a subsequent offender as specified in the notice of the State's Attorney was reached on that basis.

■ We believe that the evidence, as a matter of law, was not sufficient to bring Bowman within the mandatory sentencing requirement of § 643B(c). The only relevant evidence was the "certified record" and, as we have seen, it showed one qualifying conviction and one which did not qualify on its face, but required additional evidence to establish beyond a reasonable doubt that, in the circumstances of its commission, it was indeed a crime of violence. The requisite additional evidence was not adduced at the trial. In other words, proof of a conviction of robbery under the law of the District of Columbia, standing alone, as it did, was not sufficient to establish a prima facie case that it was a crime of violence under Maryland law. There was no sound evidentiary basis to give rise to conflicting inferences so that the trier of facts could *reasonably* go either way and thus be called upon to make factual determinations. *See Temoney,* 290 Md. at 261, 429 A.2d 1018. Although the Court of Special Appeals characterized the fact that under District of Columbia law Bowman could have committed a pickpocketing as a "rare and exotic theoretical possibility," slip opinion at 7, the possibility remained and militated against a determination beyond a reasonable doubt that the robbery here was a crime of violence. We think that the inferences drawn by the intermediate court are tenuous and reach too far. We are of the opinion that the trial court was wrong as a matter of law in its determination that the State established beyond a reasonable doubt that Bowman was a subsequent offender

under § 643B. We are of the further opinion that the Court of Special Appeals was wrong in its affirmation of trial court's determination of Bowman's status under § 643B.[4]

■ We have decided that evidence of a conviction of robbery under the law of the District of Columbia, standing alone, is not sufficient to prove that the conviction was for a crime of violence under Art. 27, § 643B of the Maryland Code. This does not mean that every foreign offense, which on its face qualifies as a crime of violence under Maryland's subsequent offender statutes but has elements which may disqualify it as such a crime, per se will not serve as a predicate for enhanced punishment. But as far as the corpus delicti of the crime is concerned, we think, that as a general rule, proof of the offense as a crime of violence under § 643B, must be within the four corners of the evidence received to establish the conviction. Thus, as we indicated in *Temoney*, 290 Md. at 263, 429 A.2d 1018, docket entries properly authenticated,[5] which are frequently used to prove a prior conviction, may also be utilized to establish that the conviction qualifies as a crime of violence.

In *Beard v. State*, 216 Md. 302, 308–313, 140 A.2d 672, *cert. denied*, 358 U.S. 846, 79 S.Ct. 72, 3 L.Ed.2d 81 (1958), we found that a judicial admission could serve as proof of prior convictions necessary for enhanced punishment under the law and procedures then in effect. *See King v. State*, 300 Md. 218, 227, 477 A.2d 768 (1984).[6] The State urges

---

4. The Court of Special Appeals apparently applied "the settled rule that an appellate court will ordinarily *affirm* a trial court's judgment on any ground adequately shown by the record, even though the ground was not relied on by the trial court." *Temoney v. State,* 290 Md. 251, 261, 429 A.2d 1018 (1981), and cases therein cited. In the case at hand, however, the ground relied on by the Court of Special Appeals, that the robbery was committed with a deadly weapon, was not "adequately shown by the record."

5. *See* Md.Code (1973, 1984 Repl.Vol., 1988 Cum.Supp.) § 10–204 of the Courts and Judicial Proceedings Article.

6. Consistent with the view that a judicial admission may establish a prior conviction is that an agreed statement of facts, presented to the

that Bowman made a judicial confession at the guilt stage of his trial to the effect that the robbery committed in 1980 in the District of Columbia was with a deadly weapon. The State views his testimony as providing "competent and unequivocal proof that the robbery conviction here at issue was committed by force and intimidation, and not by stealthy pickpocketing." We do not glean this from his testimony, either on direct or on cross-examination. On direct examination he admitted that he had been convicted and incarcerated for the "robbery" committed in 1980. On cross-examination the prosecutor was persistent in her efforts to get him to say that the robbery was with a deadly weapon. He was steadfast in his refusal to so concede. Despite being hard pressed by the prosecutor, he said no more than "I was charged with robbery and assault and I was sentenced for robbery and assault." Although he admitted that the assault was with a deadly weapon, we think that on a fair reading of the whole of his testimony, he never admitted that the robbery was with a deadly weapon.

Bowman looks to *Brown v. State*, 311 Md. 426, 535 A.2d 485 (1988), in support of his position. In *Brown* we had before us the question of the qualification of out-of-state convictions for purposes of enhanced punishment. One of the predicate convictions was in the District of Columbia. The offense was broader than the comparable Maryland offense enumerated in § 643B(a). We held to be inadmissible the testimony of a District of Columbia police officer, called by the State to recount the conduct of defendant in committing the crime. His testimony tended to show that the offense of which the defendant was convicted, in fact,

court at the trial resulting in the prior conviction in lieu of testimony and serving as the basis of conviction, may be admissible to flesh out the nature of the offense so as to establish that the conviction was for a crime within the ambit of § 643B. It is, in effect, a judicial admission of the events concerning the commission of the crime, from which the nature of the offense may be apparent.

qualified as a violent crime under the Maryland statute. We said:

> Section 643B refers to a defendant's prior "convictions" and not to the "act" the defendant may have committed.... A conviction within the meaning of § 643B is a final judgment that the defendant is guilty of the crime charged beyond a reasonable doubt.

*Id.* at 440, 535 A.2d 485.[7]

At the penalty stage of the trial, a presentence report of investigation prepared by the Division of Parole and Probation of the Department of Parole and Probation was before the court. It was elicited that defense counsel had reviewed it with Bowman and the only question raised by the defendant was Bowman's date of birth. The prosecutor pointed out that

> there is case law which indicates that the Presentence Investigation in and of itself, if there are no additions or deletions and if the defendant has reviewed it and acknowledges it is accurate, is also a basis for finding the factual basis, the predicate, prior convictions for purposes of mandatory sentence....

This statement is a fair resume of the holding of the Court of Special Appeals expressed in *Hall v. State,* 69 Md.App. 37, 516 A.2d 204 (1986), *cert. denied,* 308 Md. 382, 519 A.2d 1283 (1987), and approved in *Ford v. State,* 73 Md.App. 391, 534 A.2d 992 (1988). It was the rationale of the intermediate court that the circumstances of review and acceptance of a presentence investigation report by the

---

7. Under the rationale and holding of *Brown v. State,* 311 Md. 426, 535 A.2d 485 (1988), it seems that a transcript of the proceedings of the trial resulting in the challenged conviction is not competent to prove the nature of a predicate offense, except, as we have observed in certain circumstances, such as, for example, an agreed statement of facts or other clear judicial admission by the defendant. *See* note 5, *supra.* In the light of the long-established principle that the credibility of the witnesses and the weight of the evidence is for the trier of fact, the evidence of others as to the conduct of the defendant concerning the predicate offense would not, as *Brown* indicates, be conclusive as to the nature of the offense.

defendant were "tantamount to a judicial admission." *Hall,* 69 Md.App. at 63, 516 A.2d 204. We have not as yet addressed the issue and have no need to address it here. It seems that the prosecutor misread the Presentence Investigation Report as she had misread the certified document setting out Bowman's criminal record. The Report reflected the conviction and incarceration for the armed robbery committed in 1974. It further showed that Bowman had been charged with armed robbery, armed burglary II, robbery, and assault with a dangerous weapon (gun), all committed on 20 May 1980. But it clearly set out that the disposition of these charges was that he was "sent'd to serve 2 to 6 yrs. incarceration for Robbery, also sent'd to serve 2 to 8 yrs. incarceration for Assault W/Dangerous Weapon–Gun." The sources of this information were designated as "DC Superior Court; DC Prob. Dept.; FBI; Wash. Metro. Police Dept." The Report contained no further details with respect to the 1980 convictions. Of course, Bowman interposed no objection to the Presentence Investigation Report with respect to its recitation of the District of Columbia convictions. It supported his contention that he had only one prior conviction for armed robbery. He appends that part of the Report setting out the convictions to his brief submitted to this Court. The State, which referred to the Report before the trial court as a means of proving a predicate offense, does not now discuss the matter. Even if the acceptance of the Report by Bowman is deemed to be a judicial admission, the Report shows only that the 1974 conviction was for armed robbery, which Bowman does not dispute, and that the 1980 conviction was for simple robbery, not armed robbery, which is in accord with Bowman's position.[8]

---

**8.** We are constrained to observe that we are not without reservations with respect to the view that the acceptance by a defendant of a presentence investigation report is tantamount to a judicial admission and therefore may serve to prove a predicate conviction under the subsequent offender statute. In any event, we shall decide the issue when it is properly before us.

A judgment in a criminal cause is comprised of the conviction and the sentence. The judgments entered against Bowman in the Circuit Court for Prince George's County upon verdicts of guilty by the jury were as follows:

| Offense | Sentence |
| --- | --- |
| Count 1 of the indictment—robbery with a deadly weapon | 25 years with no eligibility for parole pursuant to Art. 27, § 643B(c) |
| Count 3 of the indictment—use of a handgun in the commission of a felony | 20 years consecutive to the sentence on Count 1 |
| Count 6 of the indictment—assault with intent to avoid lawful apprehension | 10 years consecutive to the sentences in Counts 1 and 3 |

The jury also found Bowman guilty of assault charged in count 7 of the indictment, but the court merged this charge with the offense charged in count 6.

■ Bowman does not challenge his convictions of the substantive offenses rendered at the guilt stage of the trial. He attacks the determination of the trial judge at the penalty stage of the trial that he was a subsequent offender within the meaning of Art. 27, § 643B, thereby triggering the mandatory sentence. We have decided that the judge erred in "convicting" Bowman of being a subsequent offender. That determination must be set aside. Thus, the mandatory sentence was illegal. It must be vacated and the case remanded with respect to sentencing.[9] Inasmuch as the sentences imposed on the convictions of the offenses charged in counts 3 and 6 of the indictment are to run consecutive to the illegal sentence on count 1, we think it advisable, in order to clear the record, that they too be vacated and that on remand resentencing be had also as to

---

9. We have held that "when the court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court. *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985); Md.Rule 4–345(a).

those convictions. The need for resentencing presents the question of the rights of the defendant and the procedures permissible on the part of the State on remand. That is, may the State be afforded another opportunity to prove two predicate offenses when it failed to do so at the original sentencing hearing, or, having had its bite of the apple, is it precluded from seeking enhanced punishment in any event? The answer is found in *Lockhart v. Nelson,* —— U.S. ——, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). *Compare Butler v. State,* 46 Md.App. 317, 324, 416 A.2d 773 (1980); *Ford v. State,* 73 Md.App. 391, 405–406, 534 A.2d 992 (1988).

*Lockhart v. Nelson* was decided 14 November 1988.[10] The case stemmed from an Arkansas habitual criminal statute calling for enhanced punishment which is comparable in substance and procedure to our subsequent offender statute. The question presented was whether the Double Jeopardy Clause allows a rehearing when a reviewing court determines that the trial court's determination that a defendant was a habitual criminal must be reversed because evidence was erroneously admitted against him, and also concludes that without the inadmissible evidence there was insufficient evidence to support the determination. The majority concluded:

> [I]n cases such as this, where the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain [a determination that the defendant was a habitual offender], the Double Jeopardy Clause does not preclude retrial [even though the remaining evidence adduced at trial was legally insufficient to support the determination].

*Id.,* 109 S.Ct. at 287. The Court observed that "the general rule [is] that the Double Jeopardy Clause does not bar the retrial of a defendant who has succeeded in getting his

---

**10.** Rehnquist, C.J., delivered the opinion of the court, in which White, Stevens, O'Connor, Scalia, and Kennedy, JJ., joined. Marshall, J., filed a dissenting opinion, in which Brennan and Blackmun, JJ., joined.

conviction set aside for error in the proceedings below." *Id.* 109 S.Ct. at 290. However, *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), recognized an exception to the general rule.

> *Burks* held that when a defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury's verdict, the Double Jeopardy Clause bars a retrial on the same charge.

*Nelson,* 109 S.Ct. at 290. The Court found that the circumstances before it were governed by the general rule and not within the *Burks'* exception. *Id.* at 290–291.

It is apparent that the case at hand does not fall within the holding of *Nelson.* There was never evidence *erroneously* admitted legally sufficient to establish the necessary proof that Bowman was a subsequent offender within the contemplation of § 643B. The trial judge simply completely misinterpreted the evidence. Only one qualifying predicate conviction was shown and there was no competent evidence to establish the second. Since there never was evidence, either properly or erroneously admitted, legally sufficient to sustain a determination that Bowman was a subsequent offender, the *Nelson* holding permitting a rehearing is not applicable. Instead, it is evident from *Nelson* that the *Burks'* exception to the general rule is applicable. On remand the State is prohibited from attempting to resentence Bowman as a subsequent offender either on the basis that the 1980 District of Columbia robbery conviction in fact met the definition of a crime of violence under Maryland law or on the basis of another prior qualifying conviction not offered or admitted at the initial sentencing hearing.

THE JUDGMENT OF THE COURT OF SPECIAL APPEALS IS AFFIRMED IN SO FAR AS IT AFFIRMS THE CONVICTIONS ENTERED IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY ON COUNTS 1, 3, 6, AND 7 OF THE INDICTMENT AND THE MERGER OF THE CONVICTION ON COUNT 7 INTO THE CONVICTION ON COUNT 6;

THE JUDGMENT OF THE COURT OF SPECIAL AP-
PEALS IS REVERSED IN SO FAR AS IT AFFIRMS THE
SENTENCES IMPOSED BY THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY ON COUNTS 1, 3, AND 6
OF THE INDICTMENT;

THE CASE IS REMANDED TO THE COURT OF SPE-
CIAL APPEALS WITH DIRECTION TO VACATE THE
SENTENCES IMPOSED BY THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY AND TO REMAND THE
CASE TO THAT COURT WITH DIRECTION TO RESEN-
TENCE AS AUTHORIZED BY MARYLAND CODE (1957,
1987 REPL. VOL.) ARTICLE 27, § 488 AS TO COUNT 1;
§ 36B AS TO COUNT 3; AND § 386 AS TO COUNT 6;

COSTS IN THIS COURT AND IN THE COURT OF
SPECIAL APPEALS TO BE EQUALLY DIVIDED BE-
TWEEN THE PETITIONER AND PRINCE GEORGE'S
COUNTY.