583 A.2d 710

David D. DOTSON

v.

STATE of Maryland.

No. 58, Sept. Term, 1990.

Court of Appeals of Maryland.

Jan. 7, 1991.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and ROBERT L. KARWACKI *, JJ., and CHARLES E. ORTH, Jr., J. (retired, Specially Assigned).

CHARLES E. ORTH, Jr., Judge, retired, Specially Assigned.

Plea agreements [1] have evolved to become a viable aid in the administration of criminal justice systems of this State and the nation. In *State v. Brockman,* 277 Md. 687, 357 A.2d 376 (1976), we considered the role plea agreements now play. We said:

---

\* At the time this case was heard and conferenced, Karwacki, J., a judge of the Court of Special Appeals of Maryland, was specially assigned to this Court. At the time of the decision and adoption of this opinion, he had been commissioned and had qualified as a judge of this Court.

1. This Court traced the history of plea agreements in *State v. Brockman,* 277 Md. 687, 692 n. 2, 357 A.2d 376 (1976).

The simple fact is that today plea agreements account for the disposition of an overwhelming percentage of all criminal cases. If this were not so, but rather every case entailed a full-scale trial, state and federal courts would be flooded, and court facilities as well as personnel would have to be multiplied many times over to handle the increased burden. *Santobello v. New York*, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). These agreements, however, also serve other needs besides preventing, or at least relieving, the overcrowding of our courts. As the Supreme Court of the United States noted in *Santobello, id.* at 261, 92 S.Ct. at 498, the termination of charges after plea negotiations

"leads to [the] prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned."

Additionally, plea agreements eliminate many of the risks, uncertainties and practical burdens of trial, permit the judiciary and prosecution to concentrate their resources on those cases in which they are most needed, and further law enforcement by permitting the State to exchange leniency for information and assistance. All in all, it is our view that plea bargains, when properly utilized, aid the administration of justice and, within reason, should be encouraged.

277 Md. at 692–693, 357 A.2d 376 (citations, except *Santobello*, omitted). Judge Adkins, speaking for the Court of Special Appeals in *Banks v. State*, 56 Md.App. 38, 51, 466 A.2d 69 (1983), observed that "[p]lea bargaining plays an indispensable role in the administration of criminal justice,"

quoting *Sweetwine v. State,* 42 Md.App. 1, 13, 398 A.2d 1262 (1979), *aff'd Sweetwine v. State,* 288 Md. 199, 421 A.2d 60, *cert. denied,* 449 U.S. 1017, 101 S.Ct. 579, 66 L.Ed.2d 477 (1980). He explained:

> One of the reasons the process works effectively is the element of certainty it lends to the criminal justice system. From the public perspective, it may well be advantageous for the prosecutor to exchange the uncertainty of conviction following trial for the certainty of conviction produced by a guilty plea, even when a plea agreement includes some provision in mitigation of potential sentence. From the defense viewpoint, it may be equally advantageous to give up the possibility of acquittal following trial for the certainty of a relatively lenient disposition included as part of a plea agreement. We recognized the importance of this "certainty" aspect of plea bargaining, and the adverse effect its loss would have on the process, in our *Sweetwine:* "If the prosecutor cannot rely upon the plea bargain, the potential 'chilling effect' upon the very institution of plea bargaining could be devastating." 42 Md.App. at 12, 398 A.2d 1262. Similar results could ensue if the defendant were unable to rely upon the bargain.

*Banks,* 56 Md.App. at 52, 466 A.2d 69. *See Poole v. State,* 77 Md.App. 105, 120 n. 7, 549 A.2d 417 (1988). Thus, the appellate courts of this State have recognized that plea agreements benefit the courts, the prosecution, the defendant, the victim, and the general public. This Court has emphasized its approval of plea agreements by the adoption of Md.Rule 4–243, derived from former Rule 733 and M.D.R. 733. The Rule sets out a panoply of rights and obligations. It covers "Conditions for Agreement," Subsection (a); "Recommendations of State's Attorney on Sentencing," Subsection (b); "Agreements of Sentence, Disposition, or Other Judicial Action," Subsection (c); and "Record of Proceedings," Subsection (d). One of the permissible conditions for agreement is "[t]hat the State's Attorney will recommend ... to the court with respect to a particular sentence...." Subsection (a)(5). A plea agreement is bind-

ing on the court if the judge to whom it is presented approves it. Subsection (c)(2).

> If the plea agreement is approved, the judge *shall* embody in the judgment the agreed sentence ... or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement.

Subsection (c)(3) (emphasis added). The case before us involves a plea agreement.

David D. Dotson was charged in the Circuit Court for Baltimore City with a spate of sexual offenses and related crimes. He entered into plea negotiations with the State's Attorney whereby he was to plead guilty to two sexual offenses in the second degree proscribed by Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 464A(a). Although upon conviction of a sexual offense in the second degree a person is "subject to imprisonment for a period of not more than 20 years," Code, § 464A(b), a term of the proposed agreement was that the State's Attorney would recommend that the maximum sentence imposed would be not more than a total of 18 years. Md.Rule 4-243(a) and (b). After a series of lengthy colloquies between the court and a rather reluctant Dotson, who, it seemed, was inclined to go to trial before a jury, the court agreed that if acceptable pleas of guilty to the two offenses were made, the total sentence imposed would be 15 years.[2] The court said:

> [R]ather than give you [the 18 years] the State is asking for if you are willing to plead guilty to two

---

**2.** At the punishment stage of the trial, it appeared that the agreement on the part of the court was motivated by the court's desire "to facilitate the plea agreement and avoid the children [the victims] the trauma of testifying at trial." Dotson pointed out that

> when I made the plea bargain, I told you I was making the plea bargain to protect the kids.

The judge was not impressed. He said

> Well, you protected yourself. You're cutting your sentence in half by making a plea bargain. If you had gone to trial, you would have gotten convicted on your own words. You confessed to committing these crimes. Your explanation for why you did it was simply not satisfactory. These two little girls came to you and demanded that you have sex with them and that you did it in order to teach them

offenses now, I will promise you I will give you 15. I won't go higher. You can still argue for less. I won't hold out hope it will be less. It will be either 15 or less. More likely 15 than less. I will give you a chance to get a pre-sentence report, psychiatric. Put your best case in front of me as to why it should be less than 15. The worst that would happen, it would be 15. If you plead guilty, the worst it will be is 15. If you convince me to make it 13 or whatever, take your best shot. I'm saying to you don't sit there for the next 30 days thinking this job gives me an opening. He said 15, but it really means ten or five. All I know is 15 is the worst I will do. Only way I go lower is if you or [defense counsel] produce some factors I haven't thought of that convince me to make it lower. So, if you want to take that offer, it's available until we pick the jury. It's available until we pick the jury. Once we pick the jury, we go forward. If you want to think about it over the lunch recess. You want to consider whether you want these two young women [ (the victims) ] to come see you face to face. It's in your hands.

After a recess for lunch, defense counsel told the court that the matter had been fully discussed with Dotson and that the decision was up to Dotson. After further discussion, Dotson tendered the pleas of guilty. Upon a comprehensive examination of Dotson, the pleas were accepted by the court. Md.Rule 4–242(c). At the penalty stage of the proceedings, the judge, as agreed, imposed a sentence of 15 years on each conviction, to run concurrently.

In open court, on the record, defense counsel informed Dotson of his post-trial rights. Included was the right to request a review of sentence. Dotson sought review.

Review of criminal sentences is authorized by legislative enactment, codified as Art. 27, §§ 645JA *et seq.* and comple-

---

how to do it right and keep it in the family. No jury in this country would have believed you.

mented by Md.Rule 4–344 as required by § 645JG. The reviewing panel[3]

> shall have the power ... to order a different sentence to be imposed or served, including, by way of illustration and not by way of limitation, an increased or decreased sentence, or a suspended sentence to be served in whole or in part, or a sentence to be suspended with or without probation, upon such terms and conditions as the panel may deem just and which could lawfully have been imposed by the sentencing court at the time of the imposition of the sentence under review....

*Id.*, § 645JC. The panel vacated the sentence imposed by the trial court and imposed a sentence of 15 years on each conviction to run consecutively rather than concurrently. The length of the sentence originally imposed was thereby increased. *State v. Sayre*, 314 Md. 559, 562, 552 A.2d 553 (1989). In fact, the sentence was doubled.

Dotson appealed.[4] We ordered the issuance of a writ of certiorari *ex mero motu* before decision by the Court of Special Appeals. Dotson believes that the sentence imposed by the review panel was illegal and so do we.

The State suggests that Dotson forwent a right of appeal by not noting a timely objection to the increased sentence. It opines:

---

**3.** A review panel shall consist of
three or more trial judges of the judicial circuit in which the sentencing court is located.... [T]he judge who sentenced the convicted person shall not be one of the members of the panel, but if he so desires he may sit with the panel in an advisory capacity only.
Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 645JA(a).

**4.** Md.Code (1973, 1989 Repl.Vol.) § 12–302(f) of the Courts and Judicial Proceedings Article, provides:
Section 12–301 of this subtitle [concerning the right of appeal from final judgments—generally] does not permit an appeal from the order of a sentence review panel of a circuit court under Article 27, §§ 645JA through 645JG of the Code, unless the panel increases the sentence.

Dotson's failure to lodge a contemporaneous objection to the panel's sentence precludes him from challenging it on appeal.

In *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985), we held that

when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court.

We observed:

Moreover, because the defendant would be entitled to post conviction relief if a sentence is clearly illegal although not objected to at trial, interests of expedition and judicial economy support review of the sentence on direct appeal.

*Id.* Inasmuch as we find that the challenged sentence here was clearly illegal, we entertain the appeal. *See Woods v. State*, 315 Md. 591, 598, 556 A.2d 236 (1989); *Bowman v. State*, 314 Md. 725, 738 n. 9, 552 A.2d 1303 (1989); *Brown v. State*, 311 Md. 426, 431 n. 4, 535 A.2d 485 (1988). *Cf. Randall Book Corp. v. State*, 316 Md. 315, 322, 558 A.2d 715 (1989); *Brecker v. State*, 304 Md. 36, 41, 497 A.2d 479 (1985).

When Dotson sought review of his sentence, he filed an application which tracked the form suggested in Rule 4–344(b). The form contains an acknowledgement that

I understand that a review of my sentence may result in the imposition of any sentence allowable by law for the offense, including an increased sentence (unless the maximum has already been imposed)....

The question is whether the sentence imposed by the trial judge was the maximum allowable by law. If it were, the increased sentence imposed by the review panel was illegal.

Generally, the maximum sentence allowable by law is that designated by the Legislature. As we have seen, the Legislature authorized imprisonment for not more than 20 years upon conviction of a second degree sexual offense.

Therefore, as a general rule, Dotson was subject to imprisonment for a total of 40 years. The convictions here, however, were obtained by guilty pleas tendered under a plea agreement. The aspect of the agreement which motivated the pleas was that if they met the required criteria for acceptance, the judge would impose a sentence not to exceed a total of 15 years. The agreement did not preclude Dotson from seeking a lesser sentence but bound the judge firmly to the imposition of a sentence of not more than a total of 15 years. As we have indicated, the judge found the pleas to be acceptable, convicted Dotson thereunder, and honored the agreement as to the punishment. When the judge accepted the pleas, the agreement as to punishment came into full bloom; it stood approved by the judge. Thereafter, the agreement was inviolate, and the judge was required under the dictate of Rule 4–243(c)(3) to embody in the judgment the agreed sentence. Our rules have the force of law. *Hauver v. Dorsey*, 228 Md. 499, 180 A.2d 475 (1962); *State v. Diggs*, 24 Md.App. 681, 332 A.2d 283 (1975). It follows, that, inasmuch as 15 years was the harshest sentence that could be imposed under the circumstances, 15 years stood as the maximum allowable by law.

We look at the power of the review panel, bestowed by Art. 27, § 645JC, to impose an increased sentence, in the light of the firmly established guidelines for statutory construction. *See Morris v. Prince George's County*, 319 Md. 597, 603–604, 573 A.2d 1346 (1990); *Franklin Square Hosp. v. Laubach*, 318 Md. 615, 619–620, 569 A.2d 693 (1990). The language of the statute in the context in which it appears, considered with the legislative purposes of the sentence review act,[5] the general aim or policy, the ends to be

---

**5.** More than a score of years ago
   the General Assembly, recognizing the considerable discrepancy in imposing punishment upon conviction of criminal offenses, appreciating the need for reasonable uniformity in sentencing practices, and aware of the problems arising from sentence disparity, enacted legislation to alleviate the situation. Chapter 288, Acts 1966, by legislative direction to be implemented by appropriate rules of

accomplished, the evils to be redressed by the enactments, and plain common sense point to the conclusion that the power to impose an increased sentence is strictured by the proviso that the sentence must comport with that allowable by law. It would not comport with that allowable by law if it exceeded the maximum permissible. We explicitly recognized and gave force to this proviso when, in plain words, we set out in the form which we suggested be substantially followed in applying for sentence review, an acknowledgement by the applicant that he understood that the review

> may result in the imposition of any sentence allowable by law for the offense, including an increased sentence (unless the maximum has already been imposed)....

Md.Rule 4–344(b).

In the circumstances here, the plea agreement fixed the maximum sentence allowable by law, namely 15 years. In other words, by reason of the intervention of the plea agreement, the trial judge had indeed imposed the maximum permissible sentence. Therefore, the sentence imposed by the review panel was illegal. A contrary view would violate the sanctity of the plea agreement process and seriously undermine the principles on which that process is based. If a defendant could not rely upon the plea bargain, the chilling effect upon the very institution of plea bargaining would be devastating.

We further believe that, in the circumstances here, to permit the review panel to increase the sentence would be inconsistent with the standard of fair play and equity espoused by this Court in *Brockman*, 277 Md. at 697, 357 A.2d 376, where we "note[d] that the standard to be applied to plea negotiations is one of fair play and equity under the facts and circumstances of the case...." To permit the challenged sentence to stand would be repugnant to that fundamental fairness essential to the very concept of justice

---

procedure promulgated by the Court of Appeals, established a procedure for review of criminal sentences.
*State v. Ward,* 31 Md.App. 68, 69, 354 A.2d 834 (1976).

comprised in the common law of this State and would be inconsistent with the rudimentary demands of fair procedure. *See Crawford v. State,* 285 Md. 431, 453, 404 A.2d 244 (1979); *Madison v. State,* 205 Md. 425, 434, 109 A.2d 96 (1954). *See also United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

We observe that the plea agreement did not preclude Dotson from imploring the trial judge to impose a sentence of less than 15 years. The judge explained this, although he gave clear indication that the probability of a lesser sentence was remote. As we have seen, the review panel had the power to impose a lesser sentence, and, of course, it was to this end that Dotson sought review. Under the facts and circumstances of this case, he enjoyed the right to seek review of the sentence without risk of the imposition of a greater sentence.

We hold that the sentence imposed by the review panel was illegal as violative of legislative enactments, rules of this Court, the plea bargaining process, and the common law concept of fundamental fairness. We vacate it.

SENTENCE IMPOSED BY THE REVIEW PANEL VACATED;

CASE REMANDED WITH DIRECTION TO IMPOSE SENTENCE OF NOT MORE THAN A TOTAL OF FIFTEEN YEARS;

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.