628 A.2d 209

**STATE of Maryland**

v.

**Ronald SANDERS.**

**No. 107, Sept. Term, 1992.**

Court of Appeals of Maryland.

July 28, 1993.

Mary Ann Ince, Asst. Atty. Gen., argued and on brief (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for petitioner.

Margaret L. Lanier, Asst. Public Defender, argued and on brief (Stephen E. Harris, Public Defender, on brief), Baltimore, for respondent.

**380**

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

The grant of the State's petition for writ of certiorari and Ronald Sanders's ("the respondent") cross-petition requires us once again to interpret Maryland Rule 4–243, pertaining to plea agreements.[1] The State's petition urges reversal of the judgment of the Court of Special Appeals. In an unreported opinion, that court reversed the denial, by the Circuit Court for Prince George's County, of the respondent's motion to withdraw his guilty plea and ordered that the respondent be sentenced in accordance with the plea agreement pursuant to which the plea was entered. The cross-petition, recognizing the possibility that specific performance of the plea agreement was not appropriate, sought to preserve review of the respondent's entitlement to withdraw his guilty plea when it is he who has failed to comply with a condition of the plea agreement.

In pertinent part, Rule 4–243 provides:

(a) *Conditions for Agreement.*—The defendant may enter into an agreement with the State's Attorney for a plea of guilty or nolo contendere on any proper condition, including one or more of the following:

\* \* \* \* \* \*

(6) That the parties will submit a plea agreement proposing a particular sentence, disposition, or other judicial action

---

1. Either in its present form or in an earlier manifestation, Rule 4–243, its application and procedural ramifications, have been before this Court on a number of occasions. *See, e.g., Dotson v. State,* 321 Md. 515, 583 A.2d 710 (1991); *State v. Poole,* 321 Md. 482, 583 A.2d 265 (1991); *Allgood v. State,* 309 Md. 58, 522 A.2d 917 (1987); *Wright v. State,* 307 Md. 552, 515 A.2d 1157 (1986); *Blinken v. State,* 291 Md. 297, 435 A.2d 86 (1981), *cert. denied,* 456 U.S. 973, 102 S.Ct. 2235, 72 L.Ed.2d 846 (1982); *Kisamore v. State,* 286 Md. 654, 409 A.2d 719 (1980); *State v. Brockman,* 277 Md. 687, 357 A.2d 376 (1976); *Miller v. State,* 272 Md. 249, 322 A.2d 527 (1974).

to a judge for consideration pursuant to section (c) of this Rule.

*     *     *     *     *     *

(c) *Agreement of Sentence, Disposition, or Other Judicial Action.*—

(1) *Presentation to the Court.*—If a plea agreement has been reached pursuant to subsection (a)(6) of this Rule for a plea of guilty or nolo contendere which contemplates a particular sentence, disposition, or other judicial action, the defense counsel and the State's Attorney shall advise the judge of the terms of the agreement when the defendant pleads. The judge may then accept or reject the plea and, if accepted, may approve the agreement or defer decision as to its approval or rejection until after such pre-sentence proceedings and investigation as the judge directs.

(2) *Not Binding on the Court.*—The agreement of the State's Attorney relating to a particular sentence, disposition, or other judicial action is not binding on the court unless the judge to whom the agreement is presented approves it.

(3) *Approval of Plea Agreement.*—If the plea agreement is approved, the judge shall embody in the judgment the agreed sentence, disposition, or other judicial action encompassed in the agreement or, with the consent of the parties, a disposition more favorable to the defendant than that provided for in the agreement.

(4) *Rejection of Plea Agreement.*—If the plea agreement is rejected, the judge shall inform the parties of this fact and advise the defendant (A) that the court is not bound by the plea agreement; (B) that the defendant may withdraw the plea; and (C) that if the defendant persists in the plea of guilty or nolo contendere, the sentence or other disposition of the action may be less favorable than the plea agreement. If the defendant persists in the plea, the court may accept the plea of guilty only pursuant to Rule 4–242(c)

and the plea of nolo contendere only pursuant to Rule 4–242(d).[2]

\*     \*     \*     \*     \*     \*

The respondent was charged with distribution of cocaine, possession of cocaine with intent to distribute, and conspiracy to distribute cocaine. He and the State entered into a plea agreement contemplating a particular disposition. The agreement provided that, in return for the respondent pleading guilty to conspiracy to distribute cocaine, the State would nolle pros the remaining charges and the court would sentence the respondent to a period of imprisonment up to the maximum allowed by law, with credit for time served, and suspend all but a year and a day, and impose up to five years probation.[3] The court expressly conditioned the imposition of sentence on the respondent and/or his counsel making accurate representations as to the respondent's criminal record. Sentencing was to be deferred until a presentence investigation report had been obtained.

The court was informed of the respondent's criminal record in discussions preliminary to his tender of a guilty plea. The respondent's counsel told the court, and the respondent confirmed, that the respondent had prior convictions of armed robbery, robbery, and possession of CDS. Obtaining a presentence investigation report prior to sentencing enabled the court to compare these representations to the facts developed in the presentence investigation report before imposing sentence.

That the nature and number of the respondent's prior convictions were important factors in the court's willingness to impose the contemplated sentence was reiterated and con-

---

2. These sections pertain to insuring the voluntariness and factual basis for the plea of guilty or nolo contendere.

3. Initially, the executed sentence was to be one year. Upon being advised, by the court, that he could serve less time were the executed sentence one year and a day, i.e., the time was served in a state facility rather than a local one, the respondent opted for a sentence of a year and a day.

firmed after the respondent tendered his guilty plea. Having placed the respondent under oath to qualify the guilty plea and after satisfying itself that the respondent was competent, understood the nature and the maximum penalty of the charge to which he was pleading guilty, and that the respondent intended to enter a guilty plea, the following colloquy occurred:

THE COURT: Now, I have said to your attorney, I've said to you that if all you have as a prior record is one RDW, one strong-armed robbery and one possession of a controlled dangerous substance. If that's all you have I will sentence you to a period of time and suspend all but a year and a day, that I will place you on probation not to exceed five years. The State will enter nolle prosequi to any other charges you have and you will get credit for the time you have already served. Is that what I told you?

THE DEFENDANT: Yes, sir.

THE COURT: Now, it's very important, if you have any other convictions, tell me now.

THE DEFENDANT: The only [sic] I remember was two armed robberies, which broke down to simple robbery and eighteen. That's all I've done. If it's some more, I'm not that Ronald Sanders.

THE COURT: Very well. If they come back with Ronald Sanders and you have anything else, I want you to know what the consequences will be. I will go ahead and sentence you to a period of time that I deem to be fit and proper. I don't like surprises. If you tell me everything, now, I'll know what it is and it won't bother me. But if it's something I don't know about, I won't like it.

THE DEFENDANT: If it's something on there different than I told you, I'm not that Ronald Sanders.

THE COURT: We'll investigate. We'll do fingerprints if it's something else.

MR. McPHERSON [the respondent's attorney]: Actually, your Honor, both of these, according to my records, were

convictions for simple robbery. Neither one was a conviction for armed robbery.

After further inquiry and following the State's presentation of the factual basis for the plea, the court accepted the respondent's guilty plea, finding that he "has knowingly, intelligently and voluntarily withdrawn his plea of not guilty to count 3 and has entered the plea of guilty to that count." No similar express finding was made with regard to the Court's approval of the plea agreement. As contemplated, the court ordered a presentence investigation report and scheduled the matter for sentencing.

The presentence investigation report contained a conviction of which the trial court had not been informed.[4] On the day scheduled for sentencing, even while acknowledging that the court's willingness to impose the agreed sentence was contingent upon the accuracy of the respondent's representations as to his prior record, the respondent's counsel asked that the respondent be allowed to withdraw his guilty plea. The court refused the request. It imposed a sentence considerably different from that contemplated by the plea agreement: the respondent was sentenced to twenty years imprisonment, all but ten years of which was suspended in favor of five years probation upon his release.

The respondent appealed to the Court of Special Appeals. That court accepted the respondent's argument that he had substantially complied with the plea agreement and, so, was entitled to have the agreement specifically performed. In reaching that conclusion, the intermediate appellate court focused on Rule 4–243(c)(3). It concluded that:

> the essential understanding among all parties was that, in return for his plea of guilty to one count, the other counts would be nol prossed and appellant would be sentenced to serve one year of jail time if, at the guilty plea hearing, he

---

4. Actually it contained two. The court was not informed of the respondent's open alcoholic beverage conviction. In sentencing the respondent, however, the court made clear that it was not taking that conviction into account.

truthfully disclosed his prior criminal offenses, *not* if those criminal offenses only included armed robbery, simple robbery, and possession offenses.

Slip op. at 5. The court found significant that the armed robbery offense that was not revealed occurred close, in point of time, to one of the robbery offenses of which the respondent did apprise the court and that, in point of fact, the respondent served only one period of imprisonment with respect to both. This, the court pointed out, is consistent with an inadvertent, as opposed to intentional, failure to disclose. The court thus opined that the respondent substantially complied with the plea agreement and was, therefore, entitled to the benefit of its sentencing provision. *Banks v. State,* 56 Md.App. 38, 466 A.2d 69 (1983), was cited in support of its holding.

The State argues that, notwithstanding that a presentence investigation report was ordered pending sentencing, the court unconditionally accepted both the respondent's plea and the proffered plea agreement. Thus, it says, the Court of Special Appeals erred in reversing the trial court's denial of the respondent's motion to withdraw his guilty plea. Moreover, the State asserts that the intermediate appellate court improperly reversed factfinding by the trial court when it was not clearly erroneous. The State urges us to reverse the judgment of the Court of Special Appeals and reinstate the judgment of the trial court.

Rule 4–243(c) is specific as to how plea agreements contemplating a specific sentence or disposition are to be handled. When the parties have entered into a plea agreement contemplating a specific disposition, the terms of that agreement are to be presented to the court. Subsection (c)(1). Like the plea of guilty or nolo contendere, the agreement may be approved, i.e., accepted, or rejected, or that decision may be deferred. *Id.*

Until the plea agreement has been approved, it is not binding on the court. Subsection (c)(2). On the other hand, court approval of a plea agreement requires the court to embody in its judgment the sentence or disposition reflected

in the plea agreement to which the parties agreed, unless, subsequently, the parties agree to a more favorable disposition. Subsection (c)(3). *See Dotson v. State,* 321 Md. 515, 519, 583 A.2d 710, 712 (1991). Rejection of a plea agreement demands a different response from the court.[5] In that event, in addition to apprising the parties that it has rejected the agreement, the court must also advise the defendant of its consequences: the court is not bound by the plea agreement; the defendant may withdraw the plea; and a less favorable disposition than that embodied in the plea agreement may be imposed if the plea is not withdrawn. Acceptance or rejection of the plea is a different action, with different consequences than approval or rejection of a plea agreement. Subsection (c)(4).

██ The decision to accept or reject a plea rests upon different considerations than the decision to accept or reject a plea agreement. In the former, the relevant inquiry is whether the "defendant is pleading voluntarily, with the understanding of the nature of the charge and the consequences of the plea. . . ." Rule 4–242(c)(1). *See also Sutton v. State,* 289 Md. 359, 366–67, 424 A.2d 755, 759 (1981); *State v. Priet,* 289 Md. 267, 275, 424 A.2d 349, 353 (1981). A plea may be accepted immediately upon the appropriate inquiry having been made so long as it is apparent at that time that the plea is freely and voluntarily entered. In the latter, however, other, more varied, considerations, some quite subjective to the court and even non-defendant specific, may inform the court's decision. Among them are those that bear on whether the agreement is consistent with the public's interest in insuring that a defendant is punished appropriately and that justice is not thwarted. *Blinken v. State,* 291 Md. 297, 307–308, 435 A.2d 86, 91 (1981); *State v. Brockman,* 277 Md. 687, 693, 357 A.2d 376, 381 (1976). One such consideration encompasses the nature and

---

5. So, too, does deferral of the decision. If the court defers decision until some later time, it must so advise the parties. *See* Md. Rule 4–243(c)(1); *State v. Poole,* 321 Md. 482, 492–93, 583 A.2d 265, 271 (1991).

extent of the defendant's past criminal record. To insure that the considerations deemed important by the court have been addressed, the decision to approve or reject a plea agreement may need to be deferred; only after all the circumstances have been developed and considered may the court be able to determine whether the plea agreement is in the public interest or is one which it is willing to approve.

The distinction between the acceptance of a guilty plea and the approval of a plea agreement was blurred in this case. The tender of a voluntary guilty plea and acceptance of a plea agreement need not occur at one and the same time. *Blinken*, 291 Md. at 307, 435 A.2d at 91. To be sure, the court conditioned its imposition of the sentence contemplated by the plea agreement on the respondent's accurate statement of his criminal record. While, as we have seen, the voluntariness of the respondent's plea was determinable and was, in fact, determined, immediately by the court, the accuracy of his representations as to his criminal record was neither capable of verification, nor verified, at that time. The court clearly found that the respondent knowingly, intelligently and voluntarily tendered the plea of guilty; given its insistence on the accuracy of the criminal record information, it could not have unconditionally accepted either the plea or the plea agreement at that time.

Although it never did expressly so state, as it should have, *see Poole*, 321 Md. at 492–93, 583 A.2d at 271, the court necessarily deferred sentencing and ordered a presentence investigation report to test the accuracy of the respondent's reporting of his record, noting that the respondent's representations would be compared with what the presentence investigation revealed. In colloquy with the respondent the court made clear its understanding of the plea agreement and the consequence of the respondent's failure to comply with one of the conditions: if the respondent misrepresented his criminal record, a sentence less favorable to the respondent than that contemplated by the plea agreement and, hence, by the parties, could, and would, be imposed; that consequence would

obtain automatically, the respondent having no right to withdraw his plea. As the court saw it, then, the plea agreement it approved was actually quite flexible: if the respondent's representations of his criminal record were found to be accurate, the sentence the parties agreed to, as reflected in the plea agreement, would be imposed—the agreement submitted and the agreement approved would be identical; on the other hand, if the representations were found to be inaccurate, the sentence would be whatever the court deems appropriate, not what the parties agreed to—the plea agreement approved would differ from that into which the parties entered.

In short, the court, as the State argues it could, purported to approve the plea agreement unconditionally and, at the same time, leave open the precise sentence to be imposed. In other words, the court sought to change the parties' agreement from one contemplating a "particular sentence, disposition or other judicial action" to one in which the court may "impose an appropriate sentence." *See* State's Brief at 14. Such an agreement is not one contemplating "a particular sentence, disposition, or other judicial action."

Rule 4–243(c) addresses "Agreements of Sentence, Disposition, or Other Judicial Action." It applies when a plea agreement provides for "a particular sentence, disposition, or other judicial action" agreed to by the parties. *See* Rule 4–243(a)(6) and (c)(1). Moreover, when an agreement calling for a particular sentence is approved, the court has to embody that sentence in its judgment. Subsection (c)(3); *Dotson*, 321 Md. at 523, 583 A.2d at 714. It is impossible to embody in a judgment "the agreed sentence disposition, or other judicial action encompassed in the [plea] agreement," *id.*, when the actual disposition is dependent upon the fulfillment of a condition that will determine the court's willingness to impose the agreed sentence or disposition.[6] Imposing a condition that the

6. Rule 4–243(c)(3) permits the court to impose a "more favorable" sentence than that agreed to in the plea agreement, but only if the parties consent. Certainly a sentence whose appropriateness is deter-

respondent be truthful in reporting his past criminal record does not change the contemplated disposition or sentence; rather it provides a basis by which the agreed disposition or sentence can be avoided by the court; it is simply a reason for the court to "reject" the plea agreement. Thus, Rule 4–243(c)(4), as we have seen, addresses the very situation that is presented here. When the trial court determined that the respondent had not been truthful, it decided that the agreed sentence was inappropriate. In other words, the trial court rejected the plea agreement. When it rejects a plea agreement, the court is required to so inform the parties and also advise the defendant that the court is not bound by the agreement, and that a different disposition than that contemplated by the plea agreement can be imposed, if the defendant does not withdraw his or her plea, as he or she has a right to do.

In this case, the court specifically advised the respondent that he could not withdraw his plea. At the same time, the court deviated from the sentence contemplated by the parties and imposed one less favorable to the defendant. In so doing, the court violated Rule 4–243(c) and, in particular, subsection (c)(4). The respondent should have been permitted to withdraw his guilty plea.

The respondent argues, as the Court of Special Appeals held, that the trial court was required to impose the contemplated sentence. That argument suffers from the same flaw as the State's—it assumes that the trial court unconditionally accepted the plea agreement. It did not. The record clearly reflects the importance the trial court placed on the respondent's prior record as dictating the appropriate sentence. Until that issue was resolved, the court could not, as the respondent understood, determine what the appropriate sentence was. What the sentence was going to be was the very heart of the agreement. Thus, once it was determined that

---

mined solely by the court, without the respondent's consent, *see Hopkins v. Hopkins*, 328 Md. 263, 274, 614 A.2d 96, 101 (1992), and which is harsher than the agreed sentence does not fall within that exception.

the respondent's record differed from the representations, it followed that the agreement of the parties would not be followed—it would not be embodied in the judgment. In other words, at that time, it became clear that the plea agreement was rejected. Withdrawal of the plea, therefore, not specific performance, was the remedy. This case differs from *Poole* and the other specific performance cases in that, here, the respondent knew that the agreed sentence would only be imposed if his criminal record was as represented. Consequently, he could not have relied on the imposition of the agreed sentence in the event that his prior record was not as represented.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO FURTHER REMAND TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THE OPINION.*

*COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PRINCE GEORGE'S COUNTY.*